**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4921**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JODY EARL ELBERT, a/k/a Timmy Tyson, a/k/a John Doe,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge. (5:09-cr-00178-H-1)

_____

Submitted:  June 29, 2012          Decided:  July 12, 2012

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark R. Sigmon, GRAEBE HANNA & WELBORN, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jody Earl Elbert was indicted for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Elbert moved to suppress all evidence resulting from his arrest, which he contended was conducted in violation of the Fourth Amendment. The district court adopted the recommendation of the magistrate judge and denied the motion. Following a jury trial, Elbert was convicted and sentenced to thirty-six months in prison.

On appeal, Elbert asserts that the district court erred in denying his motion to suppress. In considering the denial of a motion to suppress, we "review the district court's legal determinations de novo and its factual determinations for clear error," construing the evidence "in the light most favorable to the government." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010).

Elbert first contends that when the police surrounded him with guns drawn following an aborted controlled buy, they arrested him, with no probable cause to support this arrest. Therefore, Elbert argues, any evidence obtained as a result of this arrest was obtained illegally. Alternatively, Elbert contends that if police conduct amounted to an investigatory stop as opposed to an arrest, the officers had no reasonable suspicion of criminal activity to support the stop.

2

We must first decide whether the district court erred in finding that Elbert's initial detention constituted an investigatory stop, and not an arrest. To determine "whether an individual is in custody despite the lack of a formal arrest," a court assesses "whether, under the totality of the circumstances, a suspect's freedom of action is curtailed to a degree associated with formal arrest." United States v. Hargrove, 625 F.3d 170, 178 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 292 (2011). A police officer can make a warrantless arrest as long as he has probable cause to do so; probable cause is present when "the facts and circumstances within the officer's knowledge" are enough to justify a prudent person's belief "that the suspect has committed, is committing, or is about to commit an offense." United States v. Williams, 10 F.3d 1070, 1073 (4th Cir. 1993) (internal quotation marks omitted). In contrast, under Terry v. Ohio, 392 U.S. 1, 30 (1968), a "law enforcement officer may initiate a brief investigatory stop if the officer has reasonable suspicion to believe that 'criminal activity may be afoot.'" United States v. Griffin, 589 F.3d 148, 152 (4th Cir. 2009) (quoting Terry, 392 U.S. at 30).

The perception that one is not free to leave does not convert a brief investigatory stop, as permitted by Terry, into an arrest, because "a brief but complete restriction of liberty

3

is valid under Terry." United States v. Elston, 479 F.3d 314, 319 (4th Cir. 2007) (internal quotation marks omitted). Moreover, the fact that officers have drawn their weapons "does not necessarily elevate a lawful stop into a custodial arrest." Id. at 320.

After our thorough review of the testimony presented at the suppression hearing, we conclude that the district court did not err in determining that Elbert's detention constituted an investigatory stop, and not a custodial arrest, and therefore need only have been supported by reasonable suspicion. Soon after the stop occurred, police discovered drug evidence that justified the ensuing arrest.

Elbert contends that the officers could not have had a reasonable suspicion for the stop, however, because the source of their information, Smith, was not reliable, and because Elbert did not act evasively when the officers approached him. However, evasive behavior is but one factor that may be considered in assessing reasonable suspicion of criminal activity; its presence is not essential. Here, as the magistrate judge described, multiple factors contributed to the officers' suspicions that Elbert was engaged in criminal behavior. Thus, we conclude that the district court did not err in finding police had reasonable suspicion supporting an investigatory stop of Elbert.

4

Accordingly, we deny Elbert's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED